IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

Denise M. Lang,

        Plaintiff,

        vs.                   Case No. 12-1256-JTM

Michael J. Astrue, Commissioner of
Social Security,

        Defendant.

MEMORANDUM AND ORDER

Plaintiff Denise M. Lang has applied for Social Security disability insurance benefits. Her application was denied by Administrative Law Judge (ALJ) Janice Barnes-Williams on May 13, 2011, a decision affirmed by the Appeals Council on May 21, 2012. There are two allegations of error by Lang. First, she contends that the ALJ erred in failing to develop a narrative explaining the Residual Functional Capacity (RFC) which she adopted. Second, she contends that the ALJ erred in failing to determine that her headaches and irritable bowel syndrome (IBS) were non-severe.

Plaintiff-claimant Lang was born on March 19, 1957. She has stated that she became disabled beginning October 1, 2008. She has a high school education, and has previously worked as a cashier, computer operator, and data entry clerk. She has cited a variety of

ailments, including headaches, bowel trouble, breathing problems, and pain in the low back and knees. The detailed facts of the case, which are incorporated herein, are set forth independently in the ALJ's opinion (Tr. 13-19), and the briefs of Lang (Dkt. 11, at 2-10) and the Commissioner (Dkt. 17, at 2-9).

The ALJ determined that Lang suffers from severe impairments in chronic obstructive pulmonary disease, osteoarthritis is both knees, obesity, and mild degenerative disc disease of the lumbar spine. (Tr. 13). None of these impairments met or exceeded any of the impairments listed in 20 C.F.R. Part 404, Subpart P, Appendix 1. (Tr. 14). Lang has an RFC which would preclude her from the full range of light work, as defined by 20 C.F.R. 404.1567(b). She can at times lift and carry 20 pounds, and 10 pounds often.

> However, she must work in a non-captive position that allows for the ability to alternate between sitting and standing at least every 30 minutes. The claimant retains the ability to occasionally climb ramps and stairs, but she may never climb ladders, ropes or scaffolds. The claimant is able to frequently balance, but she is only able to occasionally stoop. Further, she must avoid kneeling, crouching or crawling as well as concentrated exposure to extremes of cold or heat, excessive vibration, pulmonary irritants, operational control of moving machinery, unprotected heights, and hazardous machinery.

(Tr. 15).

The ALJ determined that this RFC precludes Lang from returning to her former work. However, with the assistance of a vocational expert, he determined that Lang is still able to peform light, unskilled work such as information clerk, office helper, or storage rental clerk, and thus was not disabled. (Tr. 20).

The Commissioner determines whether an applicant is disabled pursuant to a

five-step sequential evaluation process (SEP) pursuant to 20 C.F.R. §§ 404.1520 and 416.920. The applicant has the initial burden of proof in the first three steps: she must show that she is engaged in substantial gainful activity, that she has a medically-determinable, severe ailment, and whether that impairment matches one of the listed impairments of 20 C.F.R. pt. 404, subpt P., app. 1. *See Ray v. Bowen*, 865 F.2d 222, 224 (10th Cir. 1989). If a claimant shows that she cannot return to her former work, the Commissioner has the burden of showing that she can perform other work existing in significant numbers in the national economy. 20 C.F.R. § 404.1520(f). *See Channel v. Heckler*, 747 F.2d 577, 579 (10th Cir. 1984).

The court's review of the Commissioner's decision is governed by 42 U.S.C. 405(g) of the Social Security Act. Under the statute, the Commissioner's decision will be upheld so long as it applies the "correct legal standard," and is supported by "substantial evidence" of the record as a whole. *Glenn v. Shalala*, 21 F.3d 983, 984 (10th Cir. 1994).

Substantial evidence means more than a scintilla, but less than a preponderance. It is satisfied by evidence that a reasonable mind might accept to support the conclusion. The question of whether substantial evidence supports the Commissioner's decision is not a mere quantitative exercise; evidence is not substantial if it is overwhelmed by other evidence, or in reality is a mere conclusion. *Ray*, 865 F.2d at 224. The court must scrutinize the whole record in determining whether the Commissioner's conclusions are rational. *Graham v. Sullivan*, 794 F. Supp. 1045, 1047 (D. Kan. 1992).

This deferential review is limited to factual determinations; it does not apply to the Commisioner's conclusions of law. Applying an incorrect legal standard, or providing the

3

court with an insufficient basis to determine that correct legal principles were applied, is grounds for reversal. *Frey v. Bowen*, 816 F.2d 508, 512 (10th Cir. 1987).

Lang argues the ALJ's opinion is inconsistent with SSR 96-8p, which provides that the ALJ must evaluate the relevant evidence, articulating how that evidence affects his findings in a manner that is "capable of meaningful review." *Brant v. Barnhart*, 506 F.Supp. 2d 476, 485-86 (D. Kan. 2007)(citing *Spicer v. Barnhart*, 64 Fed.Appx. 173, 177-178 (10th Cir.2003)). In addition, she argues that the ALJ failed to consider the effect of her headaches and IBS in determining her RFC. And she contends that the ALJ erred in failing to determine that her headaches and IBS were severe impairments at step two of the SEP.

> Although an ALJ is not an acceptable medical source qualified to render a medical opinion, it is "the ALJ, not a physician, [who] is charged with determining a claimant's RFC from the medical record." *Howard v. Barnhart*, 379 F.3d 945, 949 (10th Cir.2004). "And the ALJ's RFC assessment is an administrative, rather than a medical determination." *McDonald v. Astrue*, 492 F. App'x 875, 885 (10th Cir.2012) (citing SSR 96–5p, 1996 WL 374183, at *5 (July 1996)). Because an RFC assessment is made based on "all of the evidence in the record, not only the medical evidence, [it is] well within the province of the ALJ." *Dixon v. Apfel*, No. 98–5167, 1999 WL 651389, at *2 (10th Cir. Aug. 26, 1999). Moreover, the final responsibility for determining RFC rests with the Commissioner. 20 C.F.R. § § 404.1527(e)(2), 404.1546, 416.927(e)(2), 416.946.

*Topper v. Colvin*, 12-1119-JWL, 2013 WL 2458503, *7 (D. Kan. 2013). *See McDonald v. Astrue*, 492 Fed.Appx. 875, 885-86 (10th Cir. 2012). The RFC assessment takes account of the entire record, including treatment history, objective medical assessments, the plaintiff's daily activity, and evidence from lay witnesses. SSR 96-8p, 1996 WL 374184. Under the Rule, the assessment "must include a narrative discussion describing how the evidence supports

each conclusion, citing specific medical facts [and] and nonmedical evidence."

At the same time, there is "no requirement in the regulations for a direct correspondence between the RFC finding and a specific medical opinion on the functional capacity in question." *Chapo v. Astrue*, 682 F.3d 1285, 1288 (10th Cir. 2012). The ALJ's assessment must be sufficiently "specific and detailed" so that it is "capable of meaningful review." *Spicer v. Barnhart*, 64 Fed.Appx. at 177. While "[t]he record must demonstrate that the ALJ considered all of the evidence," he need not "discuss every piece of evidence." *Clifton v. Chater*, 79 F.3d 1007, 1009-10 (10th Cir.1996). The ALJ's discussion must cite "the evidence supporting his decision, ... the uncontroverted evidence he chooses not to rely upon, [and] significantly probative evidence he rejects." *Id.*

The court finds that the ALJ's assessment of Lang's RFC is supported by evidence which "a reasonable mind might accept as adequate," *Lax v. Astrue*, 489 F.3d 1080, 1084 (10th Cir. 2007) (quoting *Hackett v. Barnhart*, 395 F.3d 1168, 1172 (10th Cir. 2005), and thus should be affirmed. *See Richardson v. Perales*, 402 U.S. 389, 401 (1971). Lang herself states in her brief that "[a]dmittedly, the ALJ does summarize the medical evidence, grouped by impairment." (Dkt. 11, at 13). In fact, the ALJ's RFC assessment is considered and detailed, and the court finds no basis for reversal or remand.

In reviewing the record, the ALJ found that Lang was not fully credible in her allegations of the extent of her limitations. He found that those allegations were inconsistent with the objective medical evidence. The ALJ acknowledged that Lang "has a long history of COPD, complicated by continuing tobacco use, despite frequent physician

5

recommendations to quit smoking." (Tr. 16). A physical examination, however, showed that Lang's pulmonary function was relatively normal. Based on the lack of objective medical evidence, that Lang effectively addressed the issue by an inhaler, and the fact that Lang had sought medical help for breathing difficulty on a limited number of occasions, the ALJ determined that the COPD impairment would not affect her RFC.

Similarly, the ALJ reviewed the evidence as a whole and determined that Lang's statements as to the degree of limitation created by her back and knee pain was inconsistent with medical evidence. Lang claimed she could not stand to cook, but "the medical records document that [she] has normal strength and a normal gait and station." *Id*. Physical exams showed some arthritis in the knees, and some degeneration in the lumbar spine, but otherwise "there is very little objective support for her complaints." (Tr. at 17). Physical examinations were otherwise unremasrkable, and physical therapy had been shown to improve Lang's condition. Lang was also able to alleviate her pain with Flexeril. Lang testified that "I have lower back pain sometimes, then it [Flexeril] takes care of that." At the time of the hearing, Lang took no medication for either her knee pain or her COPD. Lang stated at the hearing that the Flexeril sometimes gave her dizzy spells, but the ALJ found this less than fully credible, since Lang had been seeing physicians consistently but had never mentioned this side-effect.

Rather than recommending limitations due to knees, one physician recommended that she should be more rather than less active. The ALJ further noted inconsistencies between Lang's subjective complaints and the timing of her complaints and her daily

6

activities. (Tr. 17).

The court finds no error with respect to Lang's headaches and IBS. The court finds that substantial evidence supports the determination that these impairments are non-severe in nature. In any event, as the Tenth Circuit has observed "[a]n error at step two concerning the severity of a particular impairment is usually harmless when the ALJ, as here, finds another impairment is severe and proceeds to the remaining steps of the evaluation in the RFC." *Groberg v. Astrue*, 415 Fed.Appx. 65, 67 (10th Cir. 2011). As noted earlier, the ALJ here determined that Lang's COPD, obesity, arthritic knees, and mild degenerative disc disease were severe impairments, and then proceeded to assess her RFC based on her condition as a whole pursuant to 20 C.F.R. § 404.1523.

The ALJ explicitly stated that the RFC was determined on the basis of "the entire record" which includes the evidence relating to the headaches and IBS. The ALJ prefaced his extensive discussion of his RFC assessment (Tr. 15-19), with the acknowledgment of Lang's claimed impairments, including "various headaches and irritable bowel syndrome." (Tr. 15). During the course of that discussion, the ALJ further explicitly references the lack of medication for her IBS, and the fact that she had only one headache each week. (Tr. 16). Lang acknowledged in her testimony before the ALJ that the frequency of the headaches had declined. (Tr. 39). She is able to function with her headaches when she takes her medication. (*Id.*) The ALJ noted that Lang herself "attributed most of her complaints at the hearing to the pain she has in her back and knees." (Tr. 16). The court finds that the ALJ appropriately considered the effect of all Lang's impairments, both severe and nonsevere,.

7

See 20 C.F.R. §§ 404.1545(a)(2), 416.945(a)(2).

Specifically, with respect to Lang's headaches, the ALJ noted that the March 25, 2010 examination by Dr. Taijun Zhao (M.D.) indicated that the plaintiff's neurological condition was within normal limits, and an ACT scan was negative. (Tr. 13-14). Dr. Zhao prescribed Amitriptyline and Midrin, and subsequent examinations indicated that the medications were working. Lang herself reported in July of 2010 that her headaches were improved and only sometimes affected her daily living. Lang's history of medical treatment "reveals that [her] headaches are well controlled and have minimal impact on her activities of daily living [and] do not cause any significant limitations in her ability to do basic work related activities." (Tr. 14).

Addressing the IBS, the ALJ found that Lang was diagnosed with IBS in June 2009, secondary to a complaint of pain in the upper right quadrant. A lactulose breath test conducted at the time was negative. Lang made no additional complaint of bowel trouble for almost a year, with a note that in May 2010 she suffered from constipation. When the constipation was not relieved with Metamucil, Lang was given Miralax. The next month, Lang reported that she felt good, and was told to continue with the Miralax. Her condition improved, and a physical examination and endoscopy in August 2010 were both normal. As the ALJ noted by February 2011, the claimant's physicians indicated that her constipation and abdominal pain had improved and her IBS was "controlled." The ALJ accordingly found that the IBS impairment created no significant limitation on her ability to work.

8

As Lang notes, the ALJ did not fully adopt the assessment of the state agency medical consultant. But in the present case, Dr. Gerald Siemsen reviewed the evidence and found that Lang was in fact capable of doing medium work. The ALJ did not fully adopt Dr. Siemsen's recommendation because he adopted an interpretation of Lang's RFC which was more favorable to the plaintiff, concluding that she was not able to do medium work, and was not able to perform the full range of light work.

The court has considered the record and all the allegations of error, and finds the decision of the Commissioner should be AFFIRMED.

IT IS SO ORDERED this 30th day of September, 2013.

 s/ J. Thomas Marten
J. THOMAS MARTEN, JUDGE